IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHRISTOPHER PIERCE,**
         **Petitioner,**

        v.                          CASE NO. 06-3182-SAC

**RAY ROBERTS,**
**et al.,**
         **Respondents.**

## MEMORANDUM AND ORDER

This action was filed on forms for filing a petition for writ of habeas corpus, 28 U.S.C. 2241, by a prisoner of the State of Kansas confined in the El Dorado Correctional Facility, El Dorado, Kansas (EDCF). Petitioner has also submitted an "Inmate Account Statement," which the clerk filed as a Motion for Leave to Proceed in forma pauperis (Doc. 2). The statement filed by plaintiff indicates that if this were to proceed as a habeas action, he should be granted leave to proceed without prepayment of fees.

Petitioner was convicted in Wyandotte County, Kansas, in 1993, of aggravated robbery and kidnaping, and sentenced to 30 years to life. As grounds for this petition, Mr. Pierce complains of his classification as medium custody at the EDCF, and suggests a "violation of established religion prohibited by the First Amendment" and that he "has medical conditions" for which he is being denied "complete medical attention." Plaintiff does not allege any facts to support any of these claims. His one exhibit indicates his medium custody classification was supported in the record. Nor does petitioner allege that he has been denied due process or that he has a liberty interest in minimum custody

placement[1].

The relief requested by Mr. Pierce is that "in the interest of fiscal care" the court issue an "order releasing him from incarceration" to a halfway house, community corrections center, or home detention with electronic monitoring until "these matters are resolved with the court."

Petitions under 28 U.S.C. 2241 are used to attack the execution of sentence. McIntosh v. U.S. Parole Com'n, 115 F.3d 809, 811-12 (10th Cir. 1997). Constitutional claims which challenge the conditions of a prisoner's confinement fall outside the core of habeas corpus and must be brought pursuant to 42 U.S.C. 1983. Nelson v. Campbell, 541 U.S. 637, 643 (2004); *citing* Muhammad v. Close, 540 U.S. 749, 750 (2004); see Boyce v. Ashcroft, 251 F.3d 911, 914 (10th Cir. 2001, *vacated as moot*, 268 F.3d 953 (10th Cir. 2001). Petitioner's request for release as relief for the alleged illegal conditions is inappropriate and does not transform the nature of his claims into habeas matters. In other words, the claims raised do not entitle petitioner to habeas relief.

In any event, a habeas petitioner seeking relief under 28 U.S.C. 2241 is generally required to exhaust state remedies. Wilson v. Jones, 430 F.3d 1113, 1118 (10th Cir. 2005). Plaintiff makes no showing that he has presented his claims in the Kansas state courts.

The court could construe this action as a civil rights

---

[1] Kansas law does not create a constitutionally cognizable liberty interest in a prison inmate's movement from a higher to a lesser security status. Lile v. Simmons, 929 P.2d 171, 173 (Kan.App. 1996). However, petitioner may apply to the Secretary of Corrections for a change in custody classification under K.S.A. 75-5210(b).

complaint under 42 U.S.C. 1983 since it challenges conditions of petitioner's confinement, but then petitioner would have to pay the $350 filing fee in full, or show he is in imminent harm, because he is a 3-strikes litigant under 28 U.S.C. 1915(g).  See <u>Pierce v. Kansas Dep't. of Corrections</u>, No. 03-3429 (D.Kan. Jan. 27, 2004)(Plaintiff Pierce has filed at least nineteen cases in this court, and at least three of those were dismissed as frivolous or for failure to state a claim for relief.)  In addition, Mr. Pierce might be required to show that he has exhausted any available administrative remedies on his claims.  42 U.S.C. 1997e.

The court concludes that petitioner states no claim for habeas corpus relief under 28 U.S.C. 2241.  Petitioner must raise his claims of unconstitutional conditions of confinement by way of a civil rights complaint under 42 U.S.C. 1983, after having exhausted any available prison administrative remedies.

**IT IS THEREFORE ORDERED** that petitioner is granted leave to proceed in forma pauperis (Doc. 2); and this action is dismissed, without prejudice, and all relief denied.

**IT IS SO ORDERED.**

Dated this 18th day of July, 2006, at Topeka, Kansas.

                              s/Sam A. Crow
                              U. S. Senior District Judge